Hackett *vs.* Jones.

No. 42.—Thomas C. Hackett, plaintiff in error *vs.* Richard W. Jones, defendant in error.

[1.] If two Solicitors General hold orders for the payment of costs, under the 4th section of the 14th division of the Penal Code of Georgia, the oldest order is entitled to be first paid.

Rule for Solicitor General's Fees. From Cass Superior Court. Tried before Judge Wright. February Term, 1847.

The facts of the case are stated in the opinion delivered by the Supreme Court, to which the reader is referred.

Hackett, *pro. per.* relied upon the Statute of this State, *Prince* 659, 661; and also 2 *Kent Com.* 640.

Akin, for the defendant.

Akin insisted—

The Act of the Legislature, *Prince*, 659, under which the plaintiff in error seeks to rule the defendant, clearly contemplates that the officers *in office* shall be paid their accounts before those who have gone out of office. The act declares, "it shall and may be lawful for said Judge, by an order of said Court, to authorize and *direct the Sheriff or Clerk to retain for his own use,* and to pay to the Attorney or Solicitor General, and other officers of the court, the amount of their respective accounts, out of any moneys by him received for fines inflicted by the said court, or collected on forfeited recognisances."

Is a former Sheriff, under this law, entitled to the payment of his account out of a fine collected by the Sheriff in office, to the exclusion of the latter? Clearly not. For the only order which the court is authorized to pass must " direct the Sheriff to *retain for his own use*" "the amount" of his account.

If the Sheriff in office have the right, whenever he may collect a a fine, " *to retain for his own use*" "the amount" of his account, by what process of reasoning will the Solicitor General in office be excluded from exercising the same right ?

But the Court, by its order, must " authorize and *direct the Sheriff*" " *to pay to the Attorney or Solicitor General*" "the amount" of his

account. This must mean the Solicitor General *in office*, not an individual who *had been* in office.

The Court will give such a construction to this act as will carry into effect the intention of the Legislature.

The Legislature could not have intended to prevent those in office from receiving the fruits of their labour, for it is written, in the law of Moses, "Thou shalt not muzzle the ox that treadeth out the corn." *Deut.* 25, 4; 1 *Cor.* 9, 9.

*By the Court* — NISBET, J. delivering the opinion.

The defendant in error, R. W. Jones, Esq. as Solicitor General, held in his hands a certain amount of funds collected from fines. Colonel Hackett, the plaintiff in error,. and the former Solicitor General of the same circuit, moved a rule, before Judge Wright, calling upon him to show cause why the ·money so in his hands should not be paid to him, in satisfaction of an order in his favour, granted by the Court whilst he was in office, for costs. The defendant, in his answer to the rule, set up a similar claim to the money, that is, an order of the Court for the payment of costs; and also a claim founded on the fact that he brought the money into court as collecting officer of the State. The contest therefore was, which of these officers, the present or the former Solicitor General, should have the money? The Court gave it to the present incumbent, the defendant in error, and error is assigned here upon that decision. The question depends upon the construction of the [1.] 4th section of the 14th division of the Penal Code of Georgia, which is in these words, to wit: "A person against whom a bill of indictment shall be preferred and not found true by the grand jury, or who shall be acquitted by the petit jury of the offence charged against him or her, shall not be liable to the payment of the costs; and in all such cases, as also where persons liable by law for the payment of costs, shall be unable to pay the same, it shall and may be lawful for the officers severally entitled to such costs, to present an account therefor to the Judge of the court in which the said prosecutions were pending, which account, being examined and allowed him, it shall and may be lawful for said Judge, by an order of said court, to authorize and direct the Sheriff or Clerk to retain for his own use, and to pay to the Attorney or Solicitor General, and other officers of the court, the amount of their respective ac-

Hackett *vs.* Jones.

counts, out of any moneys by him received for fines inflicted by said court, or collected on forfeited recognisances." *Prince,* 659..

There is in this section a great want of precision, it is clumsily drawn; in its gramatical construction it does not greatly signalize the learning of the draughtsman. Its meaning, however, is not dubious. To analyze it, I think it asserts the following propositions:

First. In the cases enumerated where the party charged is not liable to pay costs, or being liable is unable to pay, the officers of court, who are entitled to costs in such cases, including the Solicitor General, shall be paid their costs *out of money which may be collected on fines and forfeited recognisances.* This proposition sets apart and appropriates the fund out of which the costs shall be paid. It cannot be applied to any other purpose, whilst any costs, accruing as before stated, remain unpaid.

Second. It requires the officers to present their bills of costs, and makes it the duty of the court to examine and allow them, if right.

Third. When approved, it further authorizes the presiding Judge to pass an order directory to the Clerk or Sheriff, who may at the time be the depositary of that fund, to retain his own bill, and to pay those of the other officers.

In accordance with these propositions, the orders, which both plaintiff in error and defendant held, were granted by the Court. The meaning of this Act, as thus analyzed, will not be questioned; the difficulty in the case before us grows out of the fact, that there are two orders upon the same fund, held by two officers, and both unpaid. That of plaintiff in error has priority of date; has it also priority of right? Before proceeding further, we will strip the question of two or three collateral embarrassments.

And *first,* the lien of the Solicitor General, who brought the money into court for his commissions, is not in controversy; that is admitted on both sides.

*Second.* Nothing can be claimed in behalf of the defendant in error from the fact that the fund happens to be in his hands ; he is an officer of the court, and his possession is that of the court, and it is therefore subject to the order of the Court.

*Third.* No argument, as counsel for the defendant believes, can be drawn from that language of the act which authorises the Sheriff or the Clerk, in cases where they happen to be the temporary keepers of the money, "to retain for their own use" the amount of their respective accounts. This authority to *retain* is

Hackett *vs.* Jones.

derived from the court, and is not by virtue of any right paramount to that of the other officers, and it cannot exist until an order is passed. Indeed they being actually in possession, there is no one upon whom the Court could call to pay them; *ex necessitate rei*, if they get their money it is by a retainer, the order to retain serving as a voucher. The authority to retain does not put them in a position at all different from that occupied by the other officers entitled to be paid out of this fund. The argument of course drawn from the peculiar phraseology of the act, as well as these views in reply to it, apply to the Solicitor General, when he, as in the present case, is in possession of the money to be distributed.

The view then, which we take of this Statute, is as follows. The money raised upon fines and forfeitures, is set apart for the payment of costs, which under certain circumstances, are due to the Solicitor General and other officers of the court. The Court becomes the agent of the law for that purpose and is in character of trustee of the fund. The order for the payment when passed by the Court, is the evidence that costs are rightfully due. This order constitutes a *charge* upon the fund, if in hand, and if not, whensoever it shall be in hand. For the law directs the payment of these bills of costs, not out of a specific amount of money already collected, but which either is collected, or may be in future collected. It could not have contemplated an always existing and competent fund, for the immediate payment of all costs which might at any time be due. There might not be a single fine, or a single forfeiture collected for a number of consecutive terms, and bills of costs might fall due to the officers at each and every term; and one fine, or one forfeiture, when realised, might be, and in fact often is, quite sufficient for the payment of costs in arrear for a length of time. The legislature believed, no doubt, that the amount realised from fines and forfeitures, would in the long run, pay all costs, which from that source of revenue, it appointed to be paid. What the legislature has done in this act is to *appoint a resource* for the payment of these bills of costs. It did not mean that any one officer should go unpaid; and having designated a fund out of which all should be paid, there is no resort for payment but that. Should the unpaid Solicitor for example, petition the legislature for an appropriation to pay his costs, it is altogether probable that it would remit him to his rights under this law. The granting of the order does not depend upon the fact whether there

Hackett *vs*. Jones.

is money in hand or not; it is granted as matter of right if the costs be rightfully due. What then is the effect of this order? It does not create a lien it is true upon all money to be realised from fines and forfeitures, as we understand liens at common law, but we are not sure that a Chancellor would not pronounce it an equitable lien. But further. The Solicitor General is an officer of the law; he holds his office by legislative appointment, and to his office are attached certain fees, the fees for example, which we have designated as costs, to pay which, the legislature has set apart the proceeds of fines and forfeitures. He goes into office under a contract therefore with the State, that in consideration of the services which his office requires at his hands, he shall receive the fees attached to it, and in the manner and out of the fund appointed by law. Clearly the legislature could not violate their contract with him and order these fees to be withheld; he has by legislative appointment, so soon as, according to the directions of the law his account has been allowed by the court, an interest in the fund, which the legislature cannot divest. The order for payment is the evidence of that interest, and in our judgment constitutes a charge upon the fund, which the legislature itself cannot annul. If the legislature cannot annul, or revoke, or disallow this order, and the interest represented by it, can the courts do it in favour of a like claim set up by a successor in office? We think they cannot. We concede, that as between the legislature and himself, the successor has the same rights in this fund that his predecessor had; but his rights yield to those which have already vested in his predecessor, for this reason, that he takes the office burdened with those rights. It is part of his contract with the legislature, that the fees in arrear to his predecessor shall be paid; and the same rights obtain in his favour as against his successor. We are satisfied with this construction, the more, because it is equitable. The construction of the Court below defeats altogether the claim of Colonel Hackett; ours secures the ultimate payment of both officers. The judgment of the Court below is reversed.